# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DRELON SELLERS,

        Petitioner,

v.                                                       Case No. 09-CV-817

MICHAEL THURMER,

        Respondent.

_____

## ORDER

On August 24, 2009, petitioner Drelon Sellers ("Sellers") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sellers challenges his convictions for possession of marijuana with intent to deliver and felon in possession of a firearm. The Milwaukee County Circuit Court convicted Sellers after he entered a guilty plea and sentenced him to fourteen years' imprisonment. As required, the court will conduct an initial screening of Seller's petition under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Sellers's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the United States Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears that Sellers's petition is timely. According to the information provided by Sellers, the Wisconsin Supreme Court denied his petition for review on August 18, 2008. Therefore, Sellers's judgment became final 90 days later, on November 16, 2008. Sellers had one year from this date within which to file a timely petition under § 2244(d)(1)(A). Sellers filed his petition on August 24, 2009, rendering it timely filed.

The court continues its Rule 4 review by examining Sellers's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider

the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending and resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).

Sellers raises three grounds for relief in his petition: 1) voluntariness and validity of his guilty plea; 2) ineffective assistance of counsel; and 3) violation of the speedy trial act. It appears from the face of Sellers's petition and the text of the appellate opinion that Sellers presented these claims to the appropriate courts.

The court next reviews Sellers's petition to determine whether his claim has been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, it appears Sellers's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The Court concludes its Rule 4 review by screening the petition for patently frivolous and speculative claims. *Small,* 998 F.2d at 414. As Sellers's claims do not appear on their face to be plainly frivolous or speculative, the court will direct the respondent to file an answer to the petition.

In connection with his habeas petition, Sellers also files a motion to proceed in forma pauperis. Sellers included an affidavit and six-month statement from his prison trust account in support of the motion. The documents reveal that Sellers had an average monthly balance of $3.91 for the six months preceding the filing of his habeas petition and that he has monthly expenses in the amount of $178.00 for court-ordered child support. Therefore, the court finds that Sellers adequately establishes his inability to pay the required filing fee and the court will grant his motion to proceed in forma pauperis.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

-4-

Case 2:09-cv-00817-JPS   Filed 10/14/09   Page 4 of 5   Document 3

**IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in the habeas petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk is directed to serve a copy of the petition and this order on the respondent and on Assistant Attorney General Gregory M. Weber.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge