# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DRELON SELLERS,

        Petitioner,

v.

                                            Case No. 09-CV-817

MICHAEL THURMER,

        Respondent.

## ORDER

On August 24, 2009, petitioner Drelon Sellers ("Sellers") filed a Petition for Writ of Habeas Corpus (Docket #1) pursuant to 28 U.S.C. § 2254. The court granted Sellers *in forma pauperis* status on October 14, 2009, and set a briefing schedule. Sellers challenges a conviction for felon in possession of a firearm and possession of marijuana with intent to deliver. Both charges arose from an incident in which a man was shot. Sellers entered a guilty plea and the Milwaukee County Circuit Court sentenced him to a thirteen-year sentence on one count, and an eight-year consecutive sentence on a second count. Sellers' appellate counsel filed a no-merit report with the Wisconsin Court of Appeals which then affirmed the conviction. The Wisconsin Supreme Court denied review and Sellers did not petition the United States Supreme Court. Likewise, Sellers has not pursued post-conviction relief in state court either.

## LEGAL STANDARD

A court may only grant relief under 28 U.S.C. § 2254 where a petitioner is held in custody in violation of the Constitution or United States law or treaty. 28 U.S.C. § 2254(a). If "any claim" put forth by the petitioner has been "adjudicated on the merits" in state court, a federal court may only grant relief if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). The last state court decision on the merits is considered the relevant decision to review. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006). Where a state court has not ruled on the merits, the standard contained in 28 U.S.C. § 2243 applies instead. *Braun v. Powell*, 227 F.3d 908, 917 (7th Cir. 2000). In that case, the court must determine the facts "and dispose of the matter as law and justice requires." 28 U.S.C. § 2243.

A state court decision is contrary to federal law where it applies a rule contradicting governing law set out by the Supreme Court or reaches a different result in a case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application of federal law is one where the state court correctly identifies the legal rule but unreasonably applies it to the facts. *Id.* at 407. A state court need not explicitly identify the Supreme Court precedent in question. *Early v. Packer*, 537 U.S. 3, 8 (2002) (state decisions need not cite or

even be aware of Supreme Court cases so long as neither reasoning, nor result contradicts). Unreasonable application includes unreasonably extending a legal principle to a new context where it does not apply, or unreasonably refusing to extend such where it should apply. 529 U.S. at 407. An incorrect decision is not necessarily an unreasonable one, and thus a federal court may not substitute its independent judgment to correct an erroneous, but reasonable decision. *See id.* at 410-11; *see also Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000). A decision "minimally consistent with the facts and circumstances" is reasonable, but one "lying well outside the boundaries of permissible differences of opinion" is not. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004). As to factual determinations, state court findings are presumed correct and the petitioner must demonstrate unreasonableness by clear and convincing evidence. *Id.*; 28 U.S.C. § 2254(e)(1).

**ANALYSIS**

Sellers raises the following grounds of relief: (1) he was unconstitutionally denied withdrawal of his guilty plea prior to sentencing; (2) his trial counsel afforded ineffective assistance; and (3) his Sixth Amendment right to a speedy trial was violated. As a starting point, the respondent notes, and the court agrees, that the Wisconsin Court of Appeals adopted the no-merit report's analysis in dealing with

the guilty plea and speedy trial issues.[1]  As discussed below, Sellers does not establish that he is entitled to relief on any of his three claimed grounds.

## I. Withdrawal of Guilty Plea

Sellers argues that his guilty plea was not voluntary and intelligent, first because he received ineffective assistance of counsel, and second because of frustration and lack of understanding.  Sellers also argues he was wrongfully denied withdrawal where he asserted innocence at the withdrawal hearing.  Finally, he mentions briefly in his petition that the alleged failure to set trial within the speedy trial time frame led to an involuntary plea, though the argument is barely developed in his brief.  None of these claims is sufficiently established to warrant relief.

Under Supreme Court precedent, a guilty plea, which waives Constitutional rights, must be voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970).  A voluntary guilty plea requires full awareness of direct consequences, "including the actual value of any commitments made," and a lack of inducement by threat, misrepresentation, or improper promises.  *Id.* at 755.  For intelligent waiver, the defendant must be advised by competent counsel, be made aware of the nature of the charge, and be competent and otherwise in control of mental faculties.  *Id.* at 756.  Further, the defendant must affirm such conditions on the record.  *Boykin v. Ala.*, 395 U.S. 238, 242 (1969).

---

[1] The appellate court wrote that "[a]lthough this court agrees with appellate counsel's description and analysis of the potential issues counsel identifies, we address those identified by Sellers that are not addressed by appellate counsel, to explain our independent conclusion that pursuing them would also lack arguable merit."  (Resp't's Answer Attach. D, at 2-3) (Docket #10).

In adopting Sellers' appellate counsel's no-merit report, the Wisconsin Court of Appeals decided the issue of whether the trial court should have permitted him to withdraw his plea. (Resp't's Answer Attach. B, at 27-28) (Docket #10). However, the no-merit report analyzes the question for abuse of discretion. *Id.* at 24, 28. To the extent the no-merit report effectively constitutes a decision on whether Sellers offered a voluntary and intelligent waiver, it was not a decision on the merits due to the standard of review.[2]

As the appellate court's decision was not on the merits, the court must instead look to the trial court, which did adjudicate the claim on the merits. In evaluating the trial court's decision at the withdrawal hearing, the court does not find a contrary or unreasonable application of federal law. The judge at the withdrawal hearing reviewed the plea colloquy wherein the trial judge explained and discussed penalties, noted a submitted plea questionnaire indicating discussion with defense counsel, recounted a further colloquy affirming free and voluntary agreement, along with multiple affirmations that Sellers was not being coerced. (Resp't's Answer Attach. N, at 16:16-18:6). The hearing judge also indicated that Sellers' extensive experience with the criminal justice system cast serious doubt on his claims of

---

[2]Though the Seventh Circuit did not directly rule on this point, it has suggested that a review for abuse of discretion is not a ruling on the merits. *See Harrison v. McBride*, 428 F.3d 652, 665-67 (7th Cir. 2005). In *Harrison*, the court acknowledged the district court's holding that review of a due process claim for abuse of discretion was not on the merits and thus placed it outside of § 2254 deference. *Id.* at 665. However, it also discussed the district court's alternative holding that even under § 2254, the adjudication was an unreasonable application of clearly established law. *Id.* In affirming the district court, the Seventh Circuit appeared to rely upon the holding that applying the abuse of discretion standard was unreasonable. *Id.* at 667.

confusion, and the judge ultimately determined that Sellers' only actual reason for moving to withdraw his plea was a change of heart. *Id.* at 18:7-19:4. Thus, in denying withdrawal, the trial court implicitly found the guilty plea voluntary and intelligent.

As to Sellers' claim of innocence at the withdrawal hearing, there is no rule of federal law that permits a post-plea claim of innocence to override a guilty plea on the basis of the claim alone. A subsequent claim of innocence cannot override an otherwise valid guilty plea absent a showing of involuntary or unintelligent waiver. *Cf. N.C. v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). The trial court also reasonably found voluntary and intelligent waiver even in the face of Sellers' post-plea assertion of innocence. Consequently, Sellers' assertion of innocence is insufficient to invalidate his guilty plea. Thus, while the hearing judge did not specifically identify *Brady*, *Boykin*, or other Supreme Court precedent, the decision implicitly identified the correct legal rule and the court does not find the application incorrect, let alone unreasonable.

As to Sellers' bare assertion in his petition that violation of his right to a speedy trial led to an involuntary or unintelligent plea, he offers no supporting argument, and the court does not independently find any support for such an argument. The judge at the withdrawal hearing was presented with the argument that the alleged speedy

trial violation corrupted Sellers' plea. (Resp't's Answer Attach. N, at 7:2-9:5, 12:16-12:21). The scheduled date for trial was set twenty-six days beyond the speedy trial period (Resp'ts Answer Attach. B, at 4-5), and Sellers asserted that this played into the frustration that caused him to make an invalid plea. The judge still found a voluntary and intelligent waiver. This was not an unreasonable application of federal law, particularly in light of an unfortunate, but relatively minor delay.

Finally, because the court, in its discussion below, does not find any ineffective assistance of counsel, that cannot serve to support a finding of an involuntary plea. Thus, Sellers has not established that the state court applied federal law unreasonably in his claim of involuntary or unintelligent guilty plea and this court, therefore, may not disturb the state court's decision. Sellers is not entitled to relief on this ground.

## II. Ineffective Assistance of Counsel

Sellers alleges a variety of failings by his trial counsel that he argues amount to ineffective assistance: failure to ensure trial within the speedy trial period; a number of failures related to plea negotiations; and failure to inform Sellers or otherwise take steps to prevent the introduction of certain testimony at sentencing.

The standard for establishing ineffective assistance of counsel contains two prongs: (1) the representation falls below an "objective standard of reasonableness"; and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v.*

*Washington*, 466 U.S. 668, 688, 694 (1984). The Wisconsin Court of Appeals applied this standard without explicitly identifying it, though it did cite *Strickland* for a related proposition.

With regard to the speedy trial demand, Sellers argues that because his trial counsel did not properly pursue the speedy trial date, he was forced to choose between exercising his right to a speedy trial or his statutory right to substitute a judge. He continues, arguing that he was, therefore, prejudiced because he could not receive a trial by the originally assigned judge. Though the appellate court adopted the no-merit report's analysis of Sellers' choice between abandoning his right to a speedy trial and obtaining a judge substitution (Resp't's Answer Attach. D, at 3 n.3), that analysis did not actually analyze the issue within the framework of ineffective assistance of counsel. (Resp't's Answer Attach. B, at 32-33).[3] Thus, this court must analyze the question itself, without deference to the appellate court.

There is an arguable question of whether Sellers' trial attorney's actions were objectively reasonable. However, in light of the record, Sellers has not made a sufficient showing that, absent trial counsel's failure to push for a trial date within the speedy trial window, there is a reasonable probability he would not have been convicted. At best, Sellers argues that he would not have pled guilty. However,

---

[3]Instead, the no-merit report raised the issue, stating that "Sellers might further contend . . . that it was a direct consequence of his attorney's negligence that he was forced to make the difficult choice to abandon his right to a speedy trial." (Resp't's Answer Attach. B, at 33). However, the report only concluded that Sellers validly waived his right to a speedy trial due to a "very explicit waiver." *Id.* There is no mention of whether counsel's alleged failings that resulted in the forced choice were unreasonable or resulted in prejudice.

even assuming the assertion is true, he points to no possible evidence which, had it been adduced at trial, would have lead to a finding of innocence under any circumstances, let alone a reasonable probability of such a finding.[4]  Sellers does briefly mention that he believes the State could not have produced the weapon which he was convicted for being in possession of, but that alone, in light of the rest of the record, does not itself show a reasonable probability that he would not have been convicted.  Therefore, he has not shown that failure to pursue a speedy trial amounted to ineffective assistance of counsel.

As to the plea negotiations, Sellers variously alleges his trial counsel failed to both keep him informed regarding plea negotiations and discuss the elements of an "unsubstantiated charge," allowed the prosecution to threaten additional charges and more prison time to influence Sellers' plea, and failed to inform Sellers of a "guilty plea agreement."[5]  Sellers more specifically argues that during his plea hearing was the first time he was made aware of the State's concession, made during plea negotiations, that it would not pursue solicitation of perjury charges.  He argues that his counsel only brought this to his attention after he signed the plea waiver.  The appellate court addressed this issue, finding such action did not result in prejudice.  (Resp't's Answer Attach. D, at 5).  Such a finding is clearly reasonable given that the

---

[4] *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985) (explaining that prejudice inquiry in guilty plea case usually turns on ultimate issue of whether outcome at trial would have changed).

[5] The court gathers that the "unsubstantiated charge" and other failings which Sellers refers to involve a possible solicitation of perjury charge.  (*See* Resp't's Answer Attach. L, at 3:5-6:18).

-9-

concession in fact benefitted Sellers. Sellers also argues his attorney never made available certain phone calls regarding the possible solicitation of perjury charges, nor discussed them with Sellers until the date he pled in court. Though the appellate court did not explicitly analyze the issue, it was subsumed in the court's conclusion that agreement not to charge solicitation of perjury was not prejudicial. *Id.* Because the state court implicitly identified the controlling rule and reasonably applied it, this court will not disturb the conclusion.[6] In total, the court finds Sellers' trial counsel was effective regarding the plea negotiations.

Sellers also argues, without much development, that trial counsel should have informed him that testimony from the family of the shooting victim would be admissible at sentencing, and should have objected to the admission. The appellate court did not directly discuss this particular issue within the ineffective assistance framework. However, the court of appeals did find that the trial court properly exercised its discretion in allowing such testimony at sentencing. Thus, this court finds that no prejudice resulted from any failure to object by trial counsel, as the objection lacked merit. Further, the court does not find any prejudice, even if counsel failed to inform Sellers that such testimony would be permissible, because Sellers has not shown a reasonable probability that he would have pled differently

---

[6]To the extent the appellate court did not address the availability of recordings issue, this court independently concludes failure to discuss or allow Sellers to hear the calls was not prejudicial given that the State agreed not to charge the offense.

had he known that.⁷  Thus, this attack does not establish ineffective assistance of counsel either.

Finally, Sellers makes some general arguments that, at his Miranda-Goodchild hearing, counsel "allowed prosecution to 'grandstand' and bully" while counsel was of "studdering [sic] inhibited will" whose questioning was "arbitrary." (Pet'r's Br. in Supp. 18). These assertions do not sufficiently show that trial counsel's performance was objectively unreasonable. Thus, Sellers has failed to establish entitlement to habeas relief on the ground that he received ineffective assistance of counsel.

**III.	Speedy Trial**

Lastly, Sellers asserts in his petition that his right to a speedy trial was violated when the trial court found that electing judicial substitution waived the right, and when the trial court ruled that failure to raise the issue after the demand constituted waiver until the set date of trial. Sellers does not develop the argument any further in his brief, but even fully considered, the claim fails to justify relief.

Here, the State argues that the court of appeals properly applied Seventh Circuit legal precedent that holds entering a guilty plea waives speedy-trial claims.

---

⁷In light of the strong suggestion that Sellers may have solicited perjury, his bare assertion that he "would not have pleaded guilty" does little to convince this court. (Resp't's Answer Attach. L, at 3:11-4:16); (Pet'r's Br. in Supp. 8) (page numbers determined by counting because otherwise unnumbered). Further, as Sellers puts it, he would not have pled guilty had he known the "ramifications" of victim testimony. (Pet'r's Br. in Supp. 8). Knowing the ramifications is impossible until post-sentencing and thus counsel could not be ineffective by failing to apprise Sellers of the actual outcome. Moreover, Sellers' assertion that he would not have pled guilty does not change the fact that, had he been found guilty at trial, the trial court would still have discretion to hear such testimony at sentencing anyway. The testimony did not affect Sellers' conviction, but at most his sentence, and given the fact that it would likely have been heard either way, there is no prejudice.

-11-

*See United States v. Gaertner*, 583 F.2d 308, 311 (7th Cir. 1978). It is correct that the appellate court, in adopting the no-merit report, properly applied Wisconsin law in line with this Seventh Circuit precedent. (Resp't's Answer Attach. B, at 28-34). However, habeas review is concerned with whether the state court reasonably applied federal law, as determined by the United States Supreme Court. The Supreme Court has no explicit rule in line with *Gaertner*, but the fundamental rule is that waiver of a constitutional right must be voluntary, intelligent, and knowing. *Brady*, 397 U.S. at 748.

In analyzing whether Sellers properly waived the right to a speedy trial by electing judicial substitution, the Wisconsin Court of Appeals adopted the no-merit report and found that the trial judge "warned Sellers in no uncertain terms" that filing for substitution would waive the speedy trial right, that he understood and agreed to such, and that he could have withdrawn the substitution request and been tried that very day. (Resp't's Answer Attach. B, at 33). The appellate court found this constituted a "very explicit waiver." *Id.* Thus, the court of appeals correctly identified the Supreme Court's rule and reasonably applied it in finding that Sellers waived his right upon electing judicial substitution.

However, in regards to whether Sellers' right was violated by the trial court's finding that he had waived the right by failing to enforce the demand up until it was brought to the trial court's attention, the appellate court did not discuss the merits. Instead, this court must look to the trial court's ruling. Under Supreme Court

precedent, courts should consider four non-exclusive factors in applying a case-by-case balancing test to determine whether a defendant implicitly waived the right to a speedy trial: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). While failure to assert a right is relevant, "presuming waiver of a fundamental right from inaction, is inconsistent with [Supreme Court] pronouncements on waiver of constitutional rights." *Id.* at 525. The impossibility of precisely pinpointing when the right must be asserted or waived "does not argue for placing the burden of protecting the right solely on defendants." *Id.* at 527.

At the April 1, 2005 bail hearing, trial counsel brought up the original speedy trial demand. (Resp't's Answer Attach. J, at 3:19-3:23). The trial judge indicated that she was unaware that a demand had been made, noted that it was oral, and then recounted three post-demand court appearances during which counsel did not raise the issue. *Id.* at 5:17-19, 9:21-10:14. The trial court then found the demand to be waived until the then-scheduled trial date of April 11, 2005. *Id.* at 10:12-10:25. This court cannot say the trial court identified the proper rule in the first instance, let alone applied it any fashion, reasonable or not. In fact, to the extent the decision was made on the basis of waiver through silence, the trial court's decision was contrary to federal law. As such, Sellers satisfies the first step of § 2254 relief.

However, the court independently determines that his right to a speedy trial was not violated under the circumstances. Contrary or unreasonable application

alone is not sufficient to grant the writ; the defendant must still be in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires."). The length of delay was only twenty-six days, and, though the defendant did originally assert the right, failure to remind the court, particularly when the trial date was originally set, mitigates any potential violation. Further, the reason for delay appears only to be an oversight, which, although not necessarily excusable, is less of a concern than actions taken in bad faith, and is further mitigated, again, by the relatively short length of delay. Lastly, and importantly in this case, the record does not display any prejudice toward Sellers from the twenty-six-day delay. There is no indication that any ultimate results would have differed given scheduling the trial twenty-six days sooner. Thus, Sellers' right to a speedy trial was not violated and, therefore, it does not constitute a ground upon which this court may grant his requested writ.

In sum, none of Sellers' three stated grounds for relief are sufficient for this court to grant habeas relief under 28 U.S.C. § 2254. As such, the court will deny the petition, but in doing so it must determine whether to grant Sellers a certificate of appealability. A district court must either grant or deny a certificate of appealability

when it enters a final order adverse to a habeas petitioner. Rules Governing Section 2254 Proceedings in the United States District Courts, R. 11(a). A habeas petitioner who seeks to appeal an unfavorable decision must first obtain a certificate of appealability. 28 U.S.C. § 2253©; Fed. R. App. P. 22(b). However, a district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Sellers fails to make a substantial showing that his guilty plea was invalid, he received constitutionally ineffective assistance from counsel, or that his right to a speedy trial was violated. Thus, the court is obliged to deny Sellers a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge